IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MARK ANTHONY KIRK**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 08-37-JJF |
| | : | |
| **PERRY PHELPS**, Warden, | : | |
| and **JOSPEH R. BIDEN, III**, Attorney | : | |
| General of the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

**MOTION FOR LEAVE
TO FILE MOTION TO DISMISS**

Respondents move for leave to file a motion to dismiss, in lieu of an answer, under Rule 5 of the Rules Governing Section 2254 Actions and in support thereof state the following:

On December 5, 1996, New Castle County Police arrested Mark Kirk. On January 21, 1997, the New Castle County grand jury indicted Kirk on three counts of murder in the first degree (11 *Del. C.* § 636(a)(2)), three counts of assault in the first degree (11 *Del. C.* § 613(a)(4)), and one count of arson in the first degree (11 *Del. C.* § 803). On September 23, 1997, Kirk waived his right to a jury trial. Beginning on October 7, 1997, Superior Court held a eleven-day bench trial, at the conclusion of which the judge found Kirk guilty of three counts of murder in the first degree, two counts of assault in the first degree, one count of assault in the third degree, and arson in the third degree. Beginning on October 27, 1997, Superior Court held three days of penalty hearings. On December 3, 1997, Superior Court sentenced Kirk to three consecutive life sentences, followed by 23 additional years of incarceration. Kirk filed a direct appeal of

his convictions and sentence, and the Delaware Supreme Court affirmed the judgment of Superior Court on April 29, 1999. *Kirk v. State*, 1999 WL 415802 (Del. 1999). On September 17, 1999, Kirk filed his first motion for post-conviction relief. On May 23, 2000, Superior Court denied Kirk's motion for post-conviction relief. Kirk appealed this order, and on October 16, 2000, the Delaware Supreme Court affirmed Superior Court's denial of Kirk's first motion for post-conviction relief. *Kirk v. State*, 2000 WL 1637418 (Del. 2000).

On March 20, 2001, Kirk filed his second motion for post-conviction relief. On June 25, 2001, Superior Court denied Kirk's second motion for post-conviction relief. *State v. Kirk*, 2001 WL 755942 (Del. Super. Ct. 2001). The Delaware Supreme Court affirmed the order in February 2002. *Kirk v. State*, 2002 WL 256741 (Del. 2002).

Kirk next filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 30, 2003, this Court denied Kirk's habeas petition. *Kirk v. Carroll*, 243 F.Supp.2d 125 (D. Del. 2003).

On April 9, 2003, Kirk filed his third motion for post-conviction relief. On February 26, 2004, Superior Court granted Kirk's third motion for post-conviction relief and set the matter for a new sentencing hearing. *State v. Kirk*, 2004 WL 396407 (Del. Super. Ct. 2004). On February 11, 2005, Superior Court re-sentenced Kirk as follows: as to each of the three counts of manslaughter—10 years at level V; as to each of the two counts of assault in the second degree—8 years at level V; assault in the third degree—1 year at level V; arson in the third degree—2 years at level V; thus totaling 49 years at level V. On Kirk's appeal, the Delaware Supreme Court affirmed. *Kirk v. State*, 2005 WL 3526325 (Del. 2005).

On March 21, 2007, Kirk filed his fourth motion for post-conviction relief. On May 14, 2007, Superior Court denied Kirk's fourth motion for post-conviction relief. The Delaware Supreme Court affirmed the order on December 5, 2007. *Kirk v. State*, 2007 WL 4260174 (Del. 2007).

In a petition filed January 17, 2008, Kirk has again applied for federal habeas relief. D.I. 1. Question 14 of the petition for writ of habeas corpus asks "Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition." Kirk responded, "No." Kirk's denial that he has not previously filed a habeas petition related to his arson and homicide convictions is without merit. The petition is subject to the terms of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, signed by the President on April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997) (holding AEDPA applies to "such cases as were filed after the statute's enactment."). Under AEDPA, a state prisoner submitting a second or successive petition must obtain leave from the court of appeals to file the petition. 28 U.S.C. § 2244(b)(3)(A).

Though Habeas Rule 5 requires the filing of an answer to the petition, Habeas Rule 4 provides that the district court may permit other pleadings to be filed in response to a federal habeas petition. Indeed, the Advisory Committee Notes to Rule 4 makes that perfectly clear: "For example, the judge may want to authorize the respondent to make a motion to dismiss based on information furnished by respondent . . . ." In light of the jurisdictional defect in Kirk's instant action, a full answer to the allegation in the petition is unnecessary. If judicial economy and efficiency are important considerations behind requiring an "answer" under Rule 5, those considerations are equally well served by

3

allowing a motion to dismiss in this case where the filing of the petition has not been authorized under § 2244(b)(3). *See also Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir. 2005) ("Unless both the procedural and substantive requirements of § 2244 are met, the District Court lacks authority to consider the merits of the petition."). In the event that Kirk obtains the requisite permission from the Court of Appeals under § 2244(b)(3), respondents, consistent with Rule 5 and local practice, can then file an answer to the petition.

To minimize any delay, respondents have, contemporaneously with this application, filed the motion to dismiss the petition.

For the foregoing reasons, the application for leave to file a motion to dismiss should be granted.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Gregory E. Smith
Gregory E. Smith, I.D. No. 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware  19801
Dated: April 2, 2008                                   (302) 577-8398

## RULE 7.1.1 CERTIFICATION

      I hereby certify that I have neither sought nor obtained the consent of the petitioner, who is incarcerated and appearing *pro se*, to the subject matter of this motion.

      /s/ Gregory E. Smith\_\_\_\_
Deputy Attorney General

Counsel for Respondents

**CERTIFICATION OF SERVICE**

The undersigned certifies that on April 2, 2008, he electronically filed the attached *Motion for leave to file motion to dismiss* with the Clerk of Court using CM/ECF. The undersigned further certifies that on April 2, 2008 that he mailed by United States Postal Service the document(s) to the following non-registered participant:

Mark A. Kirk
SBI No. 291259
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

                                            STATE OF DELAWARE
                                            DEPARTMENT OF JUSTICE

                                            /s/ Gregory E. Smith
                                            Gregory E. Smith, ID # 3869
                                            Deputy Attorney General
                                            820 North French Street, 7th Floor
                                            Carvel State Building
                                            Wilmington, Delaware 19801
                                            (302) 577-8398