IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MARK ANTHONY KIRK**, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | :    Civ. Act. No. 08-37-JJF |
| | : |
| **PERRY PHELPS**, Warden, | : |
| and **JOSPEH R. BIDEN, III**, Attorney | : |
| General of the State of Delaware, | : |
| | : |
| Respondents. | : |

**MOTION TO DISMISS**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, respondents move to dismiss the petition for a writ of habeas corpus on the grounds that the Court lacks subject matter jurisdiction for the following reasons:

On December 5, 1996, New Castle County Police arrested Mark Kirk. On January 21, 1997, the New Castle County grand jury indicted Kirk on three counts of murder in the first degree (11 *Del. C.* § 636(a)(2)), three counts of assault in the first degree (11 *Del. C.* § 613(a)(4)), and one count of arson in the first degree (11 *Del. C.* § 803). On September 23, 1997, Kirk waived his right to a jury trial. Beginning on October 7, 1997, Superior Court held a eleven-day bench trial, at the conclusion of which the judge found Kirk guilty of three counts of murder in the first degree, two counts of assault in the first degree, one count of assault in the third degree, and arson in the third degree. Beginning on October 27, 1997, Superior Court held three days of penalty hearings. On December 3, 1997, Superior Court sentenced Kirk to three consecutive life sentences, followed by 23 additional years of incarceration. Kirk filed a direct appeal of

his convictions and sentence, and the Delaware Supreme Court affirmed the judgment of Superior Court on April 29, 1999. *Kirk v. State*, 1999 WL 415802 (Del. 1999). On September 17, 1999, Kirk filed his first motion for post-conviction relief. On May 23, 2000, Superior Court denied Kirk's motion for post-conviction relief. Kirk appealed this order, and on October 16, 2000, the Delaware Supreme Court affirmed Superior Court's denial of Kirk's first motion for post-conviction relief. *Kirk v. State*, 2000 WL 1637418 (Del. 2000).

On March 20, 2001, Kirk filed his second motion for post-conviction relief. On June 25, 2001, Superior Court denied Kirk's second motion for post-conviction relief. *State v. Kirk*, 2001 WL 755942 (Del. Super. Ct. 2001). The Delaware Supreme Court affirmed the order in February 2002. *Kirk v. State*, 2002 WL 256741 (Del. 2002).

Kirk next filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 30, 2003, this Court denied Kirk's habeas petition. *Kirk v. Carroll*, 243 F.Supp.2d 125 (D. Del. 2003).

On April 9, 2003, Kirk filed his third motion for post-conviction relief. On February 26, 2004, Superior Court granted Kirk's third motion for post-conviction relief and set the matter for a new sentencing hearing. *State v. Kirk*, 2004 WL 396407 (Del. Super. Ct. 2004). On February 11, 2005, Superior Court re-sentenced Kirk as follows: as to each of the three counts of manslaughter—10 years at level V; as to each of the two counts of assault in the second degree—8 years at level V; assault in the third degree—1 year at level V; arson in the third degree—2 years at level V; thus totaling 49 years at level V. On Kirk's appeal, the Delaware Supreme Court affirmed. *Kirk v. State*, 2005 WL 3526325 (Del. 2005).

On March 21, 2007, Kirk filed his fourth motion for post-conviction relief. On May 14, 2007, Superior Court denied Kirk's fourth motion for post-conviction relief. The Delaware Supreme Court affirmed the order on December 5, 2007. *Kirk v. State*, 2007 WL 4260174 (Del. 2007).

In a petition filed January 17, 2008, Kirk has again applied for federal habeas relief. D.I. 1. The petition, however, is subject to the terms of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, signed by the President on April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997) (holding AEDPA applies to "such cases as were filed after the statute's enactment."). Under AEDPA, a state prisoner submitting a second or successive petition must obtain leave from the court of appeals to file the petition. 28 U.S.C. § 2244(b)(3)(A); *see Felker v. Turpin*, 518 U.S. 651, 657 (1996) (§2244(b)(3)(A) creates a "gatekeeping" mechanism that requires a prospective applicant to "file in the court of appeals a motion for leave to file a second or successive habeas application in the district court."); *see also In re Minarik*, 166 F.3d 591, 599-600 (3d Cir. 1999) (§ 2244 applicable even if prior petition was filed and decided before AEDPA). Claims that could have been raised in an earlier habeas petition are subsequently barred. *See Benchoff v. Colleran*, 404 F.3d 812, 817-18 (3d Cir. 2005).

In his new petition, Kirk raises three claims, all of which relate to his original trial in 1997 and could clearly have been raised--and in fact were raised--in Kirk's 2002 federal habeas petition. In his prior habeas petition, Kirk raised eight grounds for relief: (1) coerced/involuntary confession; (2) ineffective assistance of counsel for failure to move to suppress his statement to police; (3) ineffective assistance of counsel for arguing

3

for a lesser-included felony in a felony-murder trial; (4) ineffective assistance of counsel for failing to move to recuse the trial judge; (5) ineffective assistance of counsel for failure to retain a third expert regarding flammability; (6) a due process violation—that the prosecution submitted false evidence concerning the burn test; (7) a due process violation—that the prosecution presented insufficient evidence to support his convictions; and (8) the indictment was facially deficient. *Kirk v. Carroll,* 243 F.Supp.2d at 131. Between the instant petition for writ of habeas corpus and memorandum of law in support, Kirk again alleges: (1) that he was denied a fair trial because his confession was involuntary and coerced; (2) ineffective assistance of counsel for retaining the expert that he did, and not retaining a better expert regarding flammability; and (3) newly discovered evidence that "proves" that Captain Morgan's Spiced Rum could not have been the cause of the fire. These claims are only modifications of form of the eight claims that Kirk previously presented in his first petition for writ of habeas corpus.[1] Kirk both could have, and did, raise these claims before this Court in his prior habeas petition, C.A. No. 02-345. *See Kirk v. Carroll*, 243 F.Supp. 2d at 141, n.6 (in a separate lawsuit that Kirk filed against Captain Morgan's, Kirk acknowledged the extreme flammability of the alcohol).

Kirk's claims that are cognizable on federal habeas review do not challenge conduct that occurred subsequent to the filing of the earlier petition. Thus, Kirk's instant petition is clearly a "second or successive" petition. *See Benchoff*, 404 F.3d at 817-18; *see also Goldblum v. Klem*, 510 F.3d 204, 216 (3d Cir. 2007). The record is clear that Kirk has not obtained leave from the Court of Appeals for the Third Circuit to file the

---

[1] To the extent that Kirk has alleged error in subsequent state post-conviction relief proceedings, those claims cannot serve as the basis for federal habeas relief. *See Chaussard v. Fulcomer*, 816 F.2d 925, 932 (3d Cir. 1987); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 449-50 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 826 (D. Del. 1997); *see also Lambert v. Blackwell*, 387 F.3d 210, 237-39 (3d Cir. 2004).

instant petition. Accordingly, by operation of § 2244(b)(3), this Court has no jurisdiction to consider Kirk's latest petition, and the case must therefore be dismissed. *See id*. at 820; *Felker*, 518 U.S. at 657 (1996).

Respondents hereby refer the Court to its reported opinion in *Kirk v. Carroll*, 243 F.Supp.2d 125 (D. Del. 2003).

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

|  |  |
|---|---|
|  | STATE OF DELAWARE<br>DEPARTMENT OF JUSTICE |
|  | /s/ Gregory E. Smith<br>Gregory E. Smith, I.D. No. 3869<br>Deputy Attorney General<br>820 North French Street, 7th Floor<br>Carvel State Building<br>Wilmington, Delaware  19801 |
| Dated: April 2, 2008 | (302) 577-8398 |

## CERTIFICATION OF SERVICE

The undersigned certifies that on April 2, 2008, he electronically filed the attached *Motion to dismiss* with the Clerk of Court using CM/ECF. The undersigned further certifies that on April 2, 2008 that he mailed by United States Postal Service the document(s) to the following non-registered participant:

Mark A. Kirk
SBI No. 291259
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Gregory E. Smith
Gregory E. Smith, ID # 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware 19801
(302) 577-8398