UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MARK ANTHONY KIRK,** | § | |
| Petitioner | § | |
| v. | § | Civ. A. No. 08-37- JJF |
| **PERRY PHELPS,** Warden, and **JOSEPH BIDEN**, Attorney General of Delaware | § § | |
| Respondents | | |

FILED
APR 11 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## RESPONSE TO STATE'S MOTIONS TO DISMISS [to Second]

The respondents have filed a motion to dismiss, in lieu of an answer to petitioner's application for *writ of habeas corpus*. The respondent's motion should be denied for the following reasons:

(1) Respondent's claim that this is petitioner's second or successive habeas petition is **false.** Line 5 of the habeas application asks to identify all of the crimes for which the petitioner was convicted and sentenced for in this case. The petitioner listed only those crimes that he was convicted and sentenced for on 11 February 2005— Manslaughter (3cnts) and Assault 2nd (2 cnts).

(2) Kirk has not challenged the arson and homicide convictions as the State claims. Kirk's sentencing ORDER, dated 11 February 2005, clearly states that "the defendant is adjudged guilty of the offenses charged." [1] (Attached) In the Superior

---

[1] The Superior Court erred in resentencing Kirk on the Arson 3rd and Assault 3rd offenses, whereby, the court did not vacate those convictions. In fact, the Department of Corrections seems to have appended the 49 year sentence onto the remaining 3 year sentence that was never vacated, for a total of 52 years.

Court's decision, dated 26 February 2004, the court plainly states, "[I]n accordance with the Delaware Supreme court's decision in *Williams*, a resentencing hearing shall be held at which time Defendant's convictions, as enumerated above, will be **vacated**, a **new** verdict will be entered on the record, and the Defendant will be resentenced on the following convictions." *State v. Kirk*, 2004 WL 396407 (Emphasis added). Therefore this claim fails.

(3) The State's claim that Kirk acknowledged the extreme flammability of Captain Morgan Spiced Rum in a lawsuit is not only **false**, but meant to mislead this Court and divert the Court's attention away from the facts of the case. The Court will note that Kirk purposely worded the lawsuit specifically in case something like this ever happened. In fact, Kirk made it very clear that it was the prosecution, fire marshals and the Superior Court of Delaware that established Captain Morgan as being extremely flammable, not the petitioner. (See attached) Foreseeing the State trying to twist and exploit the lawsuit was not difficult. The lawsuit was obviously filed with the intent that the company would defend their product. For the State to attempt to mislead this Court with cheap tricks and foul play is nothing less than insulting.

(4) The State's claim that the grounds contained in the instant petition are no more than a rehash of old claims and that nothing has occurred since Kirk's last filing is patently **false.** Kirk's entire petition is premised on the discovery of new evidence. Kirk has always maintained his innocence, and the State has always maintained that Kirk's claim of innocence is based on unfounded and conclusory allegations. The fact that Kirk was convicted with falsified evidence and perjured testimony is never

2

going to change. The fact that counsel was ineffective is never going to change. The difference now, however, is that Kirk has new evidence that proves it.

WHEREFORE, in light of the facts contained herein, the respondent's motion to dismiss should be duly **denied.**

April 9, 2008
DATE

Mark Kirk, #291259
DCC, 1181 Paddock Rd.
Smyrna, DE 19977-9679

## Certificate of Service

I, **Mark Kirk**, hereby certify that I have served a true And correct cop(ies) of the attached: **Response To State's Motion To Dimiss** upon the following parties/person (s):

TO: Greg E. Smith, D.A.G.
Dept. of Justice
820 N. French St,
Wilmington, DE
19801

TO:

TO:

TO:

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this **7th** day of **April**, 200**8**

_Mark Kirk_



ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK KIRK | CIVIL A. NO. 98-647-SLR |
| plaintiff | NON-ARBITRATION CASE |
| | (JURY TRIAL DEMANDED) |
| v. | |
| JOSEPH E. SEAGRAM & SON'S | |
| SEAGRAM'S / CAPTAIN MORGAN RUM CO. | |
| JOHN DOE DISTILLER / BOTTLER | |
| JOHN DOE DISTRIBUTOR / WHOLESALER | COMPLAINT |
| BEAVER BROOK LIQUORS | |
| defendants | |

### JURISDICTION

1. This action arises under the Federal Hazardous Substance Act, 15 U.S.C.A. sections 1261, 1263; as herein more fully described.

2. This Court retains original jurisdiction pursuant to 28 U.S.C.A. section 1331.

### CAUSE OF ACTION

3. On December 3, 1996, Chandresh Patel, owner of Beaver Brook Liquors in New Castle County, Delaware, sold to plaintiff a product, to wit, one pint bottle of Captain Morgan Spiced Rum (70 proof), which was misbranded pursuant to 15 U.S.C.A. 1261(p)(1). This is a violation of 15 U.S.C.A. 1263 (a) These Federal Statutes require that any flammable substance introduced or sold for consumer use display specified warning labels, affixed to the product or it's container.

(1)

B-33

4. According to the Delaware State Assistant Fire Marshal, when 1/4 to 1/2 of a pint of defendants' product, Captain Morgan Spiced Rum (70 proof), came into contact with an electric stove burner, a violent flame erupted. According to Fire Marshals, this violent flame spread to the rest of the residence and burned an entire apartment building.

5. Plaintiff sustained physical injuries from said fire. Plaintiff was burned on his face, ears and hand. The facial burns caused some permanent disfigurement.

6. Based on Fire Marshals' conclusions, plaintiff was convicted by a Superior Court Judge, after a bench trial was held, for recklessly starting a fire and for three counts of felony murder. (State of Del. v. Mark Kirk, Case No. 9612002650). The extreme flammability of defendants' product is undebatable, as this was an essential element of the prosecution's case. The State's case conclusively proved that Captain Morgan Spiced Rum (70 proof) is extremely flammable. The Delaware Superior Court's ruling establishes as legal precedent and material fact that defendants' product is extremely flammable; thus rendering defendants strictly liable for violating 15 U.S.C.A. 1263, which prohibits "the introduction or delivery for introduction into interstate commerce of any misbranded hazardous substance," pursuant to subsection 1261 (p).

7. Plaintiff maintains that a reasonable person of normal intelligence would expect Captain Morgan Spiced Rum (70 proof) not to be extremely flammable, because it does not display a "flammable warning" label, as do other alcoholic beverages, ie. Bacardi, 151 Rum & Everclear Grain Spirits; as required by the Federal Hazardous Substance Act.

8. As a result of defendants' violations of aforesaid Federal Statutes, plaintiff was physically injured and disfugured, suffers mental and emotional anguish, and suffers the loss of liberty for the rest of his natural life

(2)



## RELIEF SOUGHT

9. Wherefore, plaintiff seeks judgement against defendant(s) as follows:

   A. A declaratory judgement stating that defendants' liability arises from defendants' failure to comply with the Federal Hazardous Substance Act.

   B. Compensatory damages for physical injury in the amount of $1 million.

   C. Compensatory damages for pain and suffering, and mental and emotional anguish in the amount of $10 million.

   D. Hedonic damages in the amount of $10 million.

   E. Punitive damages for violating Federal Hazardous Substance Act in the amount of $10 million.

*/s/ Mark Kirk*
MARK KIRK
Box 500
Smyrna, De. 19977

(3)

(3)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK KIRK | ) | CIVIL A. NO. 98-647 |
| plaintiff | ) | |
| | ) | NON-ARBITRATION CASE |
| v. | ) | (JURY TRIAL DEMANDED) |
| | ) | |
| JOSEPH E. SEAGRAM & SON'S | ) | |
| SEAGRAM'S/ CAPTAIN MORGAN RUM CO. | ) | |
| JOHN DOE DISTILLER/ BOTTLER | ) | |
| JOHN DOE DISTRIBUTOR/ WHOLESALER | ) | COMPLAINT |
| BEAVER BROOK LIQUORS | ) | |
| defendants | ) | |

## AMENDMENT TO COMPLAINT

AS TO THE COMPLAINT, submitted in the above captioned matter, page 1, paragraph 3, should include the following:

Defendant, Joseph E. Seagram & Son's, owns and controls the production, sales, and distribution of Captain Morgan Spiced Rum (70 proof). Defendant(s), Seagram's/ Captain Morgan Rum Co. and John Doe Distributor/Wholesaler own and/or control the distribution and wholesaling of Captain Morgan Spiced Rum (70 proof). Defendant, John Doe Distiller/ Bottler, manufactures, produces, and/or bottles Captain Morgan Spiced Rum (70 proof).

_____
MARK KIRK
BOX 500
SMYRNA, DE 19977

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE

    VS.

MARK A KIRK

Alias: MARSHALL CASE

DOB: 06/13/1961
SBI: 00291259

| CASE NUMBER:<br>9612002650 | CRIMINAL ACTION NUMBER:<br>IN96-12-0754R3<br>MANSLAUGHTER(F)<br>IN96-12-0755R3<br>MANSLAUGHTER(F)<br>IN97-01-1773R3<br>MANSLAUGHTER(F)<br>IN97-01-1774R3<br>ASSAULT 2ND(F)<br>IN97-01-1776R3<br>ASSAULT 2ND(F)<br>IN97-01-1775R3<br>ASSAULT 3RD(M)<br>LIO:ASSAULT 2ND<br>IN96-12-0556R3<br>ARSON 3RD(F)<br>LIO:ARSON 1ST |
|---|---|

COMMITMENT
RESENTENCE

### SENTENCE ORDER

NOW THIS 11TH DAY OF FEBRUARY, 2005, IT IS THE ORDER OF
THE COURT THAT:

The defendant is adjudged guilty of the offense(s) charged.
Costs are hereby suspended. Defendant is to pay all
statutory surcharges.

  AS TO IN96-12-0754-R3 : TIS
  MANSLAUGHTER

Effective December 5, 1996 the defendant is sentenced
as follows:

  - The defendant is placed in the custody of the Department
of Correction for 10 year(s) at supervision level 5

**APPROVED ORDER**      1      July 1, 2005 10:07

STATE OF DELAWARE
        VS.
MARK A KIRK
DOB: 06/13/1961
SBI: 00291259

 AS TO IN96-12-0755-R3 : TIS
MANSLAUGHTER

 - The defendant is placed in the custody of the Department
of Correction for 10 year(s) at supervision level 5


 Probation is consecutive to any probation now serving


 AS TO IN97-01-1773-R3 : TIS
MANSLAUGHTER

 - The defendant is placed in the custody of the Department
of Correction for 10 year(s) at supervision level 5



 AS TO IN97-01-1774-R3 : TIS
ASSAULT 2ND

 - The defendant is placed in the custody of the Department
of Correction for 8 year(s) at supervision level 5


 Probation is consecutive to any probation now serving


 AS TO IN97-01-1776-R3 : TIS
ASSAULT 2ND

 - The defendant is placed in the custody of the Department
of Correction for 8 year(s) at supervision level 5


 Probation is consecutive to any probation now serving


 AS TO IN97-01-1775-R3 : TIS
ASSAULT 3RD

 - The defendant is placed in the custody of the Department
of Correction for 1 year(s) at supervision level 5


 Probation is consecutive to any probation now serving


 AS TO IN96-12-0556-R3 : TIS
ARSON 3RD

**APPROVED ORDER**    2     July  1, 2005 10:07

```
STATE OF DELAWARE
      VS.
MARK A KIRK
DOB: 06/13/1961
SBI: 00291259
```

- The defendant is placed in the custody of the Department of Correction for 2 year(s) at supervision level 5

Probation is consecutive to any probation now serving

**APPROVED ORDER**   3   July 1, 2005 10:07

## SPECIAL CONDITIONS BY ORDER

**STATE OF DELAWARE**
       **VS.**
**MARK A KIRK**
**DOB: 06/13/1961**
**SBI: 00291259**

                               CASE NUMBER:
                                 9612002650


The defendant shall pay any monetary assessments ordered during the period of probation pursuant to a schedule of payments which the probation officer will establish.

Have no contact with victims.


                                   _____
                                   JUDGE PEGGY L ABLEMAN

**APPROVED ORDER**      4      July 1, 2005 10:07