IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MARK ANTHONY KIRK,                :
                                  :
        Petitioner,               :
                                  :
    v.                            :   Civil Action No. 08-37-JJF
                                  :
PERRY PHELPS, Warden,             :
and ATTORNEY GENERAL              :
OF THE STATE OF                   :
DELAWARE,                         :
                                  :
        Respondents.              :

---

Mark Anthony Kirk. Pro se Petitioner.

Gregory E. Smith, Deputy Attorney General of the DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

February 9, 2009
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Mark Anthony Kirk ("Petitioner"). (D.I. 1; D.I. 5.) For the reasons discussed, the Court will dismiss the Petition as second or successive.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**[1]

On the night of December 3, 1996, Petitioner and his girlfriend, Darlene Hamby, returned to Hamby's apartment extremely intoxicated after spending the day drinking heavily with friends. Hamby's two sons, ages ten and sixteen, were in their bedrooms when Petitioner and Hamby began to argue vehemently about the day's events. At the height of the argument, Petitioner decided that he was finished with their turbulent relationship, told Hamby that he was leaving her, and began to pack his belongings.

According to the evidence produced at trial, Petitioner was so enraged and so inebriated, that he grabbed a partially full bottle of Captain Morgan's Spiced Rum, proceeded to the kitchen, turned on the right front burner of the stove to the highest position, and emptied the bottle onto the burner when it was on high. Petitioner's eyebrows were singed and he sustained partial

---

[1]The facts are summarized from the Delaware Supreme Court's decision, Kirk v. State, 734 A.2d 159 (Table), 1999 WL 415802 (Del. Apr. 29, 1999).

1

burns to this face as the alcohol burst into flames.  The fire began to spread to the pressed board cabinets above the stove, but Petitioner made no effort to extinguish the fire or to warn Hamby and her children that the kitchen was ablaze.  Rather, he moved away from the kitchen and continued packing his clothes.

Hamby and her older son became aware of the fire consuming their apartment minutes later when the smoke alarm activated. Hamby exited the apartment while her older son grabbed her younger son and escaped as well.  Petitioner also escaped unscathed.  However, other tenants asleep in the apartment building were not so fortunate.  Steven Rivera and his two children, who resided in the apartment above Hamby's apartment, suffocated to death in the smoke caused by the fire.  Several other residents suffered extensive injuries as they jumped for their lives from the upper stories of the apartment.

Petitioner initially denied starting the fire, but then he eventually admitted to the police in recorded statements that he intentionally poured the accelerant containing alcohol on the hot burner for the purpose of starting a fire.  A bench trial was held in the Delaware Superior Court, during which Petitioner's statements to the police were introduced against him.  In addition, information regarding the flammability factor of Captain Morgan's Spiced Rum and the pooling effect under the burner, which caused the vaporization and consequent ignition of

the ethanol in the rum, was also admitted into evidence for the Superior Court's consideration.

On October 23, 1997, after hearing all the evidence, the Superior Court judge found, beyond a reasonable doubt, that Petitioner intentionally started the fire that ultimately caused the deaths of a father and his two children. Petitioner was convicted of three counts of First Degree Felony Murder(11 Del. Code Ann. § 636(a)(2)), one count of the lesser included offense of Third Degree Arson (11 Del. Code Ann. § 801), two counts of First Degree Assault (11 Del. Code Ann. § §613(a)(4)), and one count of the lesser included offense of Third Degree Assault (11 Del. Code Ann. § 611). The State sought the death penalty, but the Delaware Superior Court judge found that the existing mitigating circumstances outweighed the existing aggravating circumstances. On December 3, 1997, Petitioner was sentenced to three mandatory consecutive life sentences in connection with the First Degree Felony Murder convictions, ten years of incarceration at Level V for each of the First Degree Assault convictions, two years of incarceration at Level V for the Third Degree Arson conviction, and one year of incarceration at Level V for the Third Degree Assault conviction. Petitioner filed a direct appeal, and the Delaware Supreme Court affirmed his convictions and sentences. Kirk v. State, 734 A.2d 159 (Table), 1999 WL 415802 (Del. Apr. 29, 1999).

In September 1999, Petitioner filed an application for post-conviction review pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior Court denied in May 2000. Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision. See Kirk v. State, 2000 WL 1637418 (Del. 2000). Petitioner filed his second Rule 61 motion in the Superior Court in March 2001. The Superior Court denied Petitioner's second Rule 61 motion, and the Delaware Supreme Court affirmed that decision in February 2002. Kirk v. State, 2002 WL 256741 (Del. 2002).

Petitioner filed his first federal habeas petition (" Petition I") in this Court in May 2002. The Court denied Petition I as meritless in January, 2003. Kirk v. Carroll, 243 F. Supp. 2d 125 (D. Del. 2003). Petitioner filed a Motion For Certificate Of Appealability in the Third Circuit Court of Appeals, which was denied in July 2003. See State v. Kirk, 2004 WL 396407 (Del. Super. Ct. Feb. 26, 2004).

While his Motion For Certificate Of Appealability was still pending in the Third Circuit, Petitioner filed his third Rule 61 motion in the Delaware Superior Court on April 9, 2003. Petitioner alleged that some of his convictions should be vacated due to recently decided case, Williams v. State, 818 A.2d 906 (Del. 2003). The State conceded that Petitioner's Felony Murder and First Degree Assault convictions should be vacated under

4

<u>Williams</u>. On February 26, 2004, the Superior Court vacated Petitioner's three convictions for First Degree Felony Murder and his two convictions for First Degree Assault. The Superior Court then reduced the three Felony Murder convictions to three Manslaughter convictions, reduced Petitioner's two First Degree Assault convictions to two Second Degree Assault convictions, and set the matter for a new re-sentencing hearing. <u>Kirk</u>, 2004 WL 396408, at *7. Thereafter, on February 11, 2005, the Superior Court re-sentenced Petitioner to 10 years at Level V incarceration for each of the three Manslaughter convictions and 8 years at Level V incarceration for each of the two Second Degree Assault convictions. Petitioner's sentences for Third Degree Arson and Third Degree Assault remained the same as before - 2 years and 1 year at Level V incarceration, respectively. See <u>Kirk v. State</u>, 889 A.2d 283 (Table), 2005 WL 3526325, at *2 (Del. Dec. 23, 2005). The Delaware Supreme Court affirmed Petitioner's re-sentencing. <u>Id.</u>

In March 2007, Petitioner filed his fourth Rule 61 motion in the Superior Court, which the Superior Court denied. On December 5, 2007, the Delaware Supreme Court affirmed the Superior Court's decision. <u>Kirk v. State</u>, 2007 WL 4260174 (Del. 2007).

Petitioner filed the habeas application ("Petition") pending before the Court in January 2008. (D.I. 1.; D.I. 5.) The State filed a Motion to Dismiss the Petition as second or successive.

(D.I. 15.)  The Petition is now ready for review.

## II. DISCUSSION

### A. The Petition Must Be Dismissed As Second Or Successive

Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must obtain permission from the appropriate court of appeals before filing a second or successive habeas petition in a federal district court.  Generally, a habeas petition is classified as second or successive if a prior petition has been decided on the merits, the subsequent petition asserts a claim that was or could have been raised in the prior habeas petition, and the prior and subsequent petitions challenge the same conviction.  See 28 U.S.C. §§ 2244 (a),(b)(1);  In re Olabode, 325 F.3d 166, 169-73 (3d Cir. 2003);  cf. Slack v. McDaniel, 529 U.S. 473, 485-86 (2000)("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition").  If a petitioner erroneously files a second or successive habeas petition in a district court without first obtaining permission from the court of appeals, "the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."  Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).

Petition I asserted eight grounds for relief: (1) coerced/involuntary confession; (2) ineffective assistance of

counsel for failure to move to suppress Petitioner's statement to the police; (3) ineffective assistance of counsel for arguing for a lesser-included felony in a felony-murder trial; (4) ineffective assistance of counsel for failing to move to recuse the trial judge; (5) ineffective assistance of counsel for failure to retain a third expert regarding flammability; (6) a due process violation- that the prosecution presented insufficient evidence to support his convictions; and (8) that the indictment was facially deficient. The instant Petition asserts three grounds for relief: (1) Petitioner was denied a fair trial because his confession was involuntary and coerced; (2) defense counsel provided ineffective assistance by retaining the flammability expert used at trial rather than a better expert; and (3) the "newly discovered" Lentini video proves that Captain Morgan's Spiced Rum could not have been the cause of the fire. The State argues that the Court lacks subject matter jurisdiction over the instant proceeding because the Petition constitutes a second or successive petition for the purposes of § 2244. In response, Petitioner contends that the Petition is not second or successive because he is challenging the Manslaughter and Second Degree Assault convictions for which he was re-sentenced on February 11, 2005, whereas Petition I challenged his 1997 convictions for First Degree Felony Murder, First Degree Assault, Third Degree Arson, and Third Degree Assault. See (D.I.

7

15.)

The Third Circuit has not yet addressed the precise issue presented by this case, namely, whether a subsequent habeas petition filed after a petitioner's re-sentencing constitutes a second or successive petition under the AEDPA. However, other circuit courts faced with the same question have held that a habeas petition challenging aspects of the original conviction should be considered a second or successive petition under the AEDPA, whereas a petition raising new grounds that arose during the re-sentencing is not "second or successive" for the purposes of the AEDPA. See Lang v. United States, 474 F.3d 348, 352-53 (6th Cir. 2007); In re Green, 215 F.3d 1195, 1196 (11th Cir. 2000); In re Taylor, 171 F.3d 185 (4th Cir. 1999); Esposito v. United States, 135 F.3d 11, 113-14 (2d Cir. 1997); Walker v. Roth, 133 F.3d 454, 455 (7th Cir. 1997).

After reviewing the Petition within the framework established by the aforementioned principle, the Court concludes that the Petition does, indeed, constitute a second or successive petition for the purposes of § 2244. First, the Court denied Petition I on the merits in 2003. Second, even though the instant Petition lists the 2005 convictions as the judgment being challenged, the three claims presented in the Memorandum in Support of the Petition actually challenge aspects of Petitioner's 1997 bench trial and the convictions arising

8

therefrom. And finally, Petitioner presented Claims One and Two of the instant Petition in Petition I, and the record reveals that Petitioner was aware of the factual predicate for Claim Three as early as 1997, demonstrating that he also could have raised Claim Three in Petition I.[2]

Based on this record, the Court concludes that the instant Petition constitutes a second or successive petition within the meaning of 28 U.S.C. § 2244. Petitioner has not obtained leave from the Court of Appeals for the Third Circuit to file his new Petition. Accordingly, the Court will dismiss the Petition pursuant to 28 U.S.C. § 2244(b)(3) for lack of jurisdiction.

### B. Statute of Limitations

Alternatively, if the Petition is not second or successive, the Court concludes that it must be dismissed as time-barred. The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2]In its decision denying Petitioner's fourth Rule 61 motion, the Delaware Superior Court found that the Lentini video was merely cumulative and actually could have been discovered before Petitioner's post-conviction proceedings by the exercise of due diligence because a video depicting the same tests performed by Mr. Lentini was, in fact, "discovered" and documented via video by Petitioner's trial expert. State v. Kirk, 2007 WL 1446671 (Del. Super. Ct. May 14, 2007).

9

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petition, filed in January 2008, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Petitioner does not allege, nor can the Court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D).³ Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Here, the Delaware Supreme Court affirmed Petitioner's re-sentencing on December 23, 2005, and denied re-argument on January 9, 2006. Petitioner did not seek certiorari review in the United States Supreme Court. As a result, Petitioner's 2005 "convictions" became final on April 10, 2006. Applying the one-year limitations period to that date, Petitioner had until April

---

³The "newly discovered" Lentini video does not trigger a later starting date under § 2244(d)(1)(D) for the AEDPA's limitations period because the record indicates that Petitioner was aware of the factual predicate as early as 1997. See infra at p. 9, n.2.

10

10, 2007 to timely file his Petition. See Kapral v. United States, 166 F.3d 565, 576 (3d Cir. 1999)(holding that the limitation period under § 2244(d)(1)(A) begins to run upon the expiration of the 90 day period for seeking review in the Supreme Court.); Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Pursuant to the prison mailbox rule, the Petition was filed on January 11, 2008, the date indicated on the Petition. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Thus, the Petition was filed approximately 9 months after the expiration of the AEDPA's limitations period and is therefore time-barred, unless the limitations period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

### 1. Statutory Tolling

Pursuant to § 2244(d)(2), "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" will toll the AEDPA's one-year limitations period during the time the collateral proceeding is pending, including any post-conviction appeals, provided that the

application for collateral review is filed prior to the expiration of the AEDPA's one-year period. See 28 U.S.C. § 2244(d)(2); Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as the rules governing the location and time of filing, the forms used, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4, 8 (2000); Lovasz v. Vaughn, 134 F. 3d 146, 148 (3d Cir. 1998).

Here, by the time Petitioner filed his Rule 61 motion (with respect to his 2005 re-sentencing) on March 21, 2007, there were only 20 days left in the AEDPA's filing period. The Rule 61 motion tolled the limitations period from March 21, 2007 through December 5, 2007. However, Petitioner did not file his Petition until January 11, 2008, 17 days after the expiration of the AEDPA's limitations period. Therefore, statutory tolling does not render the Petition timely.

### 2. Equitable Tolling

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded

by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159 (3d Cir. 1999) (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller v. New Jersey State Dept. Corrs., 145 F.3d 616, 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Here, Petitioner does not allege, and the Court cannot discern, that any extraordinary circumstances prevented him from timely filing his Petition. To the extent Petitioner's untimely filing was due to a mistake in his computation of the AEDPA's limitations period, that mistake does not trigger equitable

tolling. See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Accordingly, the Court will alternatively dismiss the Petition as time-barred.

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See 3d L.A.R. 22.2 (1997). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court has concluded that the Petition must be dismissed as second or successive, or as time-barred. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Therefore, the Court declines to issue a certificate of appealability.

**IV.   CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.